William R. Warne (SBN 141280)
DOWNEY BRAND LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
Telephone: (916) 444-1000
Facsimile: (916)520-5617
bwarne@downeybrand.com

OF COUNSEL (*Pro hac vice*)
Russell E. Levine, P.C. (IL SBN 6193834)
Kourtney Baltzer  (IL SBN 6308539)
Caroline Lourgos (IL SBN 6324261)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
United States
Telephone: +1 312 862 2000
Facsimile: +1 312 862 2200
russell.levine@kirkland.com
kourtney.baltzer@kirkland.com
caroline.lourgos@kirkland.com

Attorneys for Plaintiff
SYNGENTA SEEDS, LLC

Deborah E. Fishman (SBN 197584)
Carson D. Anderson (SBN 317308)
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Building 5, Suite 500
Palo Alto, California 94306
Telephone: (650) 319-4500
Facsimile: (650) 319-4700
deborah.fishman@arnoldporter.com
carson.anderson@arnoldporter.com

Attorneys for Defendant
SEMINIS VEGETABLE SEEDS, INC.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNGENTA SEEDS, LLC,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>SEMINIS VEGETABLE SEEDS, INC.,<br><br>　　　　*Defendant*. | Civil Action No.: 2:19-cv-01986-TLN-CKD<br><br>Judge: Troy L. Nunley<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Plaintiff Syngenta Seeds, LLC ("Syngenta") and Defendant Seminis Vegetable Seeds, Inc., ("Seminis") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case. The parties thus request that the Court enter this Protective Order ("Order") setting forth the conditions for designating, obtaining, and using such information.

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 240, upon finding good cause, the Court hereby ORDERS as follows:

1. Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, financial, or other sensitive information) may be produced by that party by labeling or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document or thing.

2. "CONFIDENTIAL" information or items are information (regardless of how it is generated, stored or maintained) or tangible things that a party in good faith represents not to be in the public domain and to contain any trade secrets within the meaning of the Uniform Trade Secrets Act or other confidential or proprietary information, including without limitation marketing, financial, strategic, research, development, manufacturing, technical, personal or commercial information, or any other information not normally revealed to the public.

3. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items are information (regardless of how it is generated, stored, or maintained) or tangible things that a party in good faith believes not to be in the public domain and to reveal or reflect: (i) highly sensitive trade secrets, intellectual property, proprietary technical information, and research and development information, (ii) highly sensitive business, financial, or marketing information; or (iii) such other documents, information, or materials that a party reasonably believes is entitled to extraordinary protection or is of such nature and character that the unauthorized disclosure of such information is likely to harm the competitive or economic position of the party or provide improper advantage to others.

A-1

4.      Any party who designates information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall use best efforts to only designate the specific material that qualifies under the appropriate standards. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. If a party learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that party must promptly notify all parties that it is withdrawing the mistaken designation and, if applicable, re-produce the item with the appropriate designation, if any.

5.      Any confidential information not reduced to documentary or tangible form, or which cannot be conveniently designated as set forth above, shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by informing the receiving party of the designation in writing at or prior to the time of disclosure.

6.      Depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be treated as "CONFIDENTIAL" when the deposition is taken. If a questioning or objecting attorney reasonably believes that a question may elicit the discussion of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, or if an exhibit is used that is marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that attorney will inform the court reporter that the proceeding portion of the transcript will proceed on the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" record. Such depositions, however, shall be treated as non-confidential thirty (30) days following receipt of the deposition transcript unless, prior to the expiration of this thirty day period, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" portions thereof are identified and designated in writing by the party seeking to designate such portions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

1798716v1

7. Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

    a) outside attorneys of record for the receiving party, their support staff, and their vendors (e.g., court reporters; videographers; copying and document management service providers; translators; jury consultants; as well as graphics, animation, and demonstrative exhibit service providers);

    b) experts, investigators, or consultants (collectively "Experts") engaged by the receiving party or its attorneys to assist and/or testify in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A;

    c) the Court, jury, and court personnel;

    d) any governmental agency or entity if that governmental agency or entity serves a subpoena or civil investigative demand requesting such confidential information;

    e) any mediator who is assigned to hear this matter and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order

    f) any person who is shown on the face of the document to have authored or received it; and

    g) any other person with the prior written consent of the producing party whose confidential information is at issue.

8. Material designated "CONFIDENTIAL" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than those persons identified in Paragraph 7 and up to four in-house counsel for each receiving party, who are responsible for the oversight and/or management of this action (collectively "In-House Counsel") and who agree to abide by the terms of this Protective Order by signing Exhibit A.

9. Disclosure may be made to Experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action pursuant to Paragraph 7(b), and to In-House Counsel pursuant to Paragraph 8, only in accordance with the following provisions:

a) Before disclosure to any Expert pursuant to Paragraph 7(b), such Expert must be informed of and agree to be subject to the provisions of this Protective Order by executing the agreement attached as Exhibit A.  The party desiring to make such disclosure shall notify the party whose confidential information will be disclosed of the following information regarding the Expert: name, address, curriculum vitae, current employer, employment history, including consulting relationships, for the past five years, and any previous or current relationship (personal or professional) with any of the parties (and/or their predecessors or successors-in-interest).  Such notice shall include a copy of the agreement attached as Exhibit A signed by the Expert.

b) Before disclosure to any In-House Counsel pursuant to Paragraph 8, such In-House Counsel must be informed of and agree to be subject to the provisions of this Protective Order by executing the agreement attached as Exhibit A.  The party desiring to make such disclosure shall notify the party whose confidential information will be disclosed of the following information regarding the In-House Counsel to whom disclosure is proposed:  name, title, and a description of such In-House counsel's current primary job duties and responsibilities.  Such notice shall also include a copy of the agreement attached as Exhibit A signed by the In-House Counsel.

c) The party whose confidential information will be disclosed shall have seven (7) calendar days from notice of the information in subsection (a) or (b), above, to object to disclosure of confidential information to the Expert or In-House Counsel by providing written notice of the objection stating with particularity the ground(s) for the objection.  Any such objection must be based on that party's good faith belief that disclosure will result in specific and identifiable business or economic harm to the party.

d) If after consideration of the objection, the party desiring to disclose the confidential information to the Expert or In-House Counsel refuses to withdraw the Expert or In-House Counsel, that party shall provide notice to the objecting party.  Thereafter, the objecting party may move the Court, within fourteen (14) calendar days of receiving such notice, for a protective order preventing disclosure to the Expert or In-House Counsel.  A failure to file a motion within the fourteen (14) calendar day period, absent an agreement of the parties to the contrary or for an extension of such fourteen (14) calendar day period, shall operate as an approval of disclosure of confidential

A-4

1798716v1

information to the Expert or In-House Counsel.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

e)   Under no circumstances shall disclosure of confidential information be made to the Expert or In-House Counsel until one of the following occurs: (1) the seven (7) calendar day period for objection set forth in subsection (c) above has passed without objection; (2) the fourteen (14) calendar day period for seeking relief from the Court as set forth in subsection (d) above has passed without a motion being filed; (3) the Court has entered an Order refusing to prevent the disclosure; or (4) the party whose confidential information is to be disclosed has approved the disclosure.

10.   To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court contain or reveal information claimed to be confidential, the parties shall seek approval from the court to file such papers under seal pursuant to Local Rule 141.

11.   Within thirty (30) days of the conclusion of this action, all material designated as, including pleadings and work product containing material designated as, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be destroyed.  However, outside counsel may retain an archive copy of all material filed with the Court during the course of this action for two years after conclusion of this action at which time "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in the archive copy must be destroyed.  A certification of destruction signed by counsel shall be provided to the originating party within ten (10) calendar days of the destruction of the material, and within ten (10) calendar days of the destruction of the archive copy of all material filed with the Court.

12.   This Protective Order shall afford all non-parties who produce any confidential information in this Action, either voluntarily or pursuant to a subpoena, court order, or discovery request, the same protections afforded to the parties to this Action.  Specifically, non-parties shall be entitled to mark any confidential information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The parties to this Action will treat such marked information per the terms of this Protective Order and such marked documents shall be entitled to the same protections under this Protective Order as documents marked by parties to this Action.  A non-party's use of this

Protective Order to protect its documents or information does not entitle that nonparty access to the documents or information produced by any party.

13. Inadvertent or unintentional production of confidential information not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Upon request by the producing party, the receiving party shall thereafter treat such information as if it were designated confidential hereunder. The producing party shall provide, as soon as practicable, a replacement copy of the information with the designation applied, whereupon, the receiving party shall destroy the non-designated copy. Any receiving party will also make all reasonable efforts to retrieve any such documents from anyone who had received the documents prior to the notification to the receiving party of the inadvertent failure to designate the material as confidential and who is no longer permitted to access the documents under the new designation. The receipt of documents or information will not operate as an admission by the receiving party that any particular information contains (or does not contain) or reflects (or does not reflect) trade secrets or any other type of confidential information.

14. Any party that wishes to challenge the designation of any document, thing, or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under Federal Rule of Civil Procedure 26(c) may do so at any time, after first attempting to resolve the issue via a meet and confer, by way of motion to this Court. The designating party shall have the burden of justifying its designation.

15. Nothing in this Protective Order shall be construed to preclude a party from seeking further confidentiality protections for, and/or more limited access to, specific documents.

Dated:  March 28, 2022                                    Respectfully submitted,

 /s/ William R. Warne                                      /s/ Deborah E. Fishman (as authorized 3/25/22)
William R. Warne (SBN 141280)                 Deborah E. Fishman (SBN 197584)
DOWNEY BRAND LLP                                  Carson D. Anderson (SBN 317308)
621 Capitol Mall, 18th Floor                           ARNOLD & PORTER KAYE SCHOLER LLP
Sacramento, CA 95814                                  3000 El Camino Real
Telephone: (916) 444-1000                           Building 5, Suite 500
Facsimile: (916)520-5617                              Palo Alto, California 94306
bwarne@downeybrand.com                      Telephone: (650) 319-4500
                                                                          Facsimile: (650) 319-4700
OF COUNSEL (*Pro hac vice*):                    deborah.fishman@arnoldporter.com
Russell E. Levine, P.C. (IL SBN 6193834)   carson.anderson@arnoldporter.com

A-6

1798716v1

| | |
|---|---|
| Kourtney Baltzer  (IL SBN 6308539)<br>Caroline Lourgos (IL SBN 6324261)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>russell.levine@kirkland.com<br>kourtney.baltzer@kirkland.com<br>caroline.lourgos@kirkland.com | Attorneys for Defendant<br>SEMINIS VEGETABLE SEEDS, INC. |

Attorneys for Plaintiff
SYNGENTA SEEDS, LLC

   IT IS SO ORDERED:

Dated:  March 30, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

A-7

1798716v1